FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MAR 15 2012

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____
Deputy Clerk

BILLY MONROE HICKS, )
                    )
        Plaintiff,  )
                    )
v.                  )    No. CIV 11-102-RAW-SPS
                    )
LINDA LANTRIP,      )
                    )
        Defendant.  )

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss. The court has before it for consideration plaintiff's amended complaint, the defendant's motion, plaintiff's response, and the defendant's reply. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The remaining defendant is Linda Lantrip, a psychiatrist at DCF.

Plaintiff alleges Defendant Lantrip failed to protect him from his dangerous cellmate. He claims he spoke to Lantrip approximately six weeks before October 8, 2010, advising her that his cellmate was buying and taking large quantities of the prescription drug Wellbutrin and using it like "speed" to get high. He told Lantrip his cellmate was not sleeping, and was physically and sexually aggressive. Plaintiff was afraid he would be attacked, raped, and infected with Hepatitis C. Lantrip allegedly told him she was aware of problems with Wellbutrin at DCF, and the facility was considering discontinuing its use. She advised plaintiff to look for another cellmate, but "things take time."

Plaintiff further alleges that during the early hours of October 8, 2010, his cellmate physically attacked him, threatened to kill him, and raped him. When the cellmate fell asleep, plaintiff was able to get a note to the nurse, and he was taken to the medical unit. After the doctor examined him, he was transferred to a rape center in Shawnee, Oklahoma, where he was examined and evidence was taken. When he was returned to DCF, Mr. J.

Parrin told plaintiff he did not believe plaintiff had been sexually violated, and the cellmate had said the incident was consensual. According to plaintiff, the cellmate never was charged with a misconduct, and the district attorney did not respond to plaintiff's correspondence regarding prosecution of the cellmate. Plaintiff claims he has tested positive for Hepatitis C and will be transferred back to OSP. He has been prescribed medication for anxiety, depression, and post-traumatic stress disorder, and he was approved to cell alone.

Defendant Lantrip has filed a motion to dismiss, alleging among other things that plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process," effective September 8, 2009. An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC

Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

Plaintiff alleges in his amended complaint that he has filed grievances in accordance with both DOC and DCF policies, but has received no responses to his attempts to exhaust his administrative remedies. According to plaintiff's response to Lantrip's motion [Docket No. 42 at 3], he handed a Request to Lantrip on October 11, 2011, and when no response was made within 30 days, he submitted a Grievance to Medical Administrator Kathy Miller. He claims the grievance went unanswered, as did his copy to DOC Attorney Ray Deneke. Defendant Lantrip has provided no response to plaintiff's allegation that his grievances went unanswered, except to assert plaintiff "believes that his administrative remedies are legally exhausted when he no longer cares to wait for the process to finish" [Docket No. 27 at 2]. This unsubstantiated, speculative statement by Lantrip does not help the court to resolve the issue.

While exhaustion of administrative remedies is mandatory under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), the Tenth Circuit Court of Appeals recently reemphasized that "[t]he plain language of the PLRA requires prisoners to exhaust only *available* remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (citation omitted) (emphasis in original). "It follows that if an administrative remedy is not available, then an inmate cannot be required to exhaust it." *Id.* "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245 F.3d 1245, 1250 (10th Cir. 2010). "Based on this principle, . . . district courts [are obligated] to ensure that any defects in exhaustion are not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252 (quotation omitted). Absent relevant records and other evidence, the court cannot find at this time that plaintiff has failed to exhaust his available administrative remedies.

Defendant Lantrip also alleges she is entitled to qualified immunity. Qualified immunity generally shields governmental officials performing discretionary functions from liability for civil damages, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff alleges Lantrip is a contract employee with DOC, and Lantrip has not disputed his characterization of her status.

In *Richardson v. McKnight*, 521 U.S. 399 (1997), the Supreme Court held that private prison guards were not entitled to assert the defense of qualified immunity in a § 1983 action. *See also Jenson v. Lane County*, 222 F.3d 570, 579 (9th Cir. 2000) (finding the policy justifications for qualified immunity did not support the availability of the defense to a private psychiatrist who contracted with a county-run hospital). While "the courts of appeal have allowed private individuals to assert qualified immunity when the defendants were closely supervised by the government," *Rosewood Servs. v. Sunflower Diversified Servs.*, 413 F.3d 1163, 1166 (10th Cir. 2005), the court finds the facts of this case have not been sufficiently developed. *See Bartell v. Lohiser*, 215 F.3d 550, 557 (6th Cir. 2000) (recognizing that private party closely supervised by state may assert qualified immunity). Because the record is insufficient to determine whether Lantrip is entitled to a qualified immunity defense, the court cannot yet rule on this issue.

**ACCORDINGLY,** Defendant Linda Lantrip's motion to dismiss [Docket No. 27] is DENIED.

**IT IS SO ORDERED** this 15th day of March 2012.

*/s/ Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**